UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23175-BLOOM/Otazo-Reyes

RONALD SATISH EMRIT,

    Plaintiff,

v.

SAINT THOMAS UNIVERSITY SCHOOL
OF LAW,

    Defendant.
_____/

**ORDER DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Ronald Satish Emrit's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Complaint is dismissed, and his Motion is denied as moot.

**I.    FACTUAL BACKGROUND**

On September 1, 2021, Plaintiff initiated the instant action against Defendant Saint Thomas University School of Law ("Defendant"). The Complaint asserts a single count for "wrongful institution of legal proceedings/malicious prosecution" against Defendant, and perhaps the Federal Bureau of Investigations ("FBI"). ECF No. [1]. According to the Complaint, "the events referred to in this lawsuit occurred on or around 2001 and 2002." *Id.* ¶ 1. Plaintiff attended Saint Thomas University School of Law between 1999 and 2002. *Id.* ¶ 21. While in law school, on or around October 2001, Plaintiff "challenged one of his law school professors by asking the rhetorical

question, 'Should Lawyers Learn Ebonics?" *Id.* ¶ 22. Around the same time, Plaintiff "proposed marriage to his ex-girlfriend[.]" *Id.* ¶ 23. Plaintiff explains that he "is discussing various legal concepts and aspects of bizarre 'Weird Science' to prove to the [C]ourt that his lawsuit against the FBI is not frivolous[.]" *Id.* ¶ 24. Plaintiff then sets forth his intention to "raise on appeal . . . a new set of facts which are both conditionally and logically relevant to his case against the [FBI]," outlines various settlement agreements and lawsuits in which he was involved, raises challenges to the "Can-Spam Act of 2003[,]" and requests that the Court take judicial notice of historical events. *Id.* ¶¶ 26-67. Based on the foregoing, Plaintiff asserts one court for "the wrongful institution of legal proceedings/malicious prosecution" based on the FBI "racially profiling [Plaintiff] as an Arab, Middle Easterner, or Muslim around 2001 when the [P]laintiff is a Catholic, African-American from Washington D.C. area." *Id.* ¶¶ 68-76. Yet, in the Prayer for Relief, Plaintiff seems to assert additional claims for gross negligence, intentional infliction of emotional distress, invasion of privacy, violations of the Americans with Disabilities Act, Equal Protection Clause and Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Privileges and Immunities Clause of the Fourth Amendment to the United States Constitution, and the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Id.* at XIV.

## II.     LEGAL STANDARD

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit

that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis*, the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under § 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

## III.    DISCUSSION

There are several deficiencies with Plaintiff's Complaint warranting dismissal. As an initial matter, the Complaint fails to set forth Plaintiff's claims in accordance with federal pleading standards. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *See Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings, stating:

> [t]hough the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not

> separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

As alleged, the Complaint is the antithesis of a short and plain statement of the facts, in which Plaintiff engages in an incoherent and lengthy narrative about his alleged encounters with Defendant and the FBI, "various legal concepts and aspects of bizarre 'Weird Science' to prove to the [C]ourt that his lawsuit against the FBI is not frivolous[,]" and previous lawsuits to which he was involved. *See generally* ECF No. [1]; *see Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (shotgun pleading refers to pleadings that are "replete with factual allegations and rambling legal conclusions"). Additionally, the Complaint "commits the sin" of commingling multiple claims for relief, implicating different theories of liability, into a single count. *Weiland*, 792 F.3d at 1323; *see also* ECF No. [1] at XIV. Further, it is entirely unclear whether Plaintiff is asserting claims against Saint Thomas University School of Law, the FBI, or both. *See generally* ECF No. [1]. The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Moreover, to the extent Plaintiff's claims are premised upon events that occurred between 2001 and 2002, those claims would be barred by the applicable the statute of limitations. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."); *Silva v. Baptist Health South Fla., Inc.*, 856 F.3d 824, 841 (11th Cir. 2017) (applying four-year statute of limitations to claims brought under the Americans with Disabilities Act); Fla. Stat § 95.11(3)(o) (four-year statute of limitations for "[a]n action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort[.]").

The Court must highlight that Plaintiff, a self-proclaimed "freedom fighter," is no stranger to federal court. ECF No. [1] ¶ 11. A search on the PACER electronic database reveals that Plaintiff has filed over 250 lawsuits in federal district courts across the nation, and "has been interpreted to be a vexatious litigant in [several] jurisdictions[.]" ECF No. [1] ¶ 10; *see, e.g.*, *Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) ("Emrit's vexatious litigant status is well-deserved."); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) ("Plaintiff has a history of abusing the IFP privilege and Plaintiff has been acknowledged as a vexatious litigator in at least six district courts. . . . The Ninth Circuit has also entered a pre-filing review order against Plaintiff. . . . Further, a search of the Pacer electronic case database for cases filed under the name Ronald Satish Emrit shows Plaintiff has filed approximately 375 cases or appeals in the federal court system." (citations omitted)); *Emrit v. S. by Sw. Conf.*, No. A-14-CV-936-LY, 2014 WL 5524219, at *4 (W.D. Tex. Oct. 31, 2014), *report*

*and recommendation adopted*, No. 1:14-CV-936-LY, 2014 WL 12661627 (W.D. Tex. Nov. 25, 2014) (highlighting Plaintiff's history of filing frivolous claims and cautioning him that sanctions may be warranted in the future).

Upon review, Plaintiff's claims are clearly baseless and must be dismissed. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("[28 U.S.C. § 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED**.
3. The Clerk shall **CLOSE** the case.
4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, January 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-23175-BLOOM/Otazo-Reyes

Copies to:

Ronald Satish Emrit
6655 38th Lane East
Sarasota, FL 34243