**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23175-BLOOM/Otazo-Reyes**

RONALD SATISH EMRIT,

      Plaintiff,

v.

SAINT THOMAS UNIVERSITY SCHOOL
OF LAW,

      Defendant.

_____/

**ORDER DENYING LEAVE TO PROCEED**
***IN FORMA PAUPERIS* ON APPEAL**

    **THIS CAUSE** is before the Court upon Plaintiff Ronald Satish Emrit's ("Plaintiff")

Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [27]

("Motion"), filed on February 24, 2022. On January 11, 2022, the Court entered an order

dismissing this case. ECF No. [21] ("Order"). Plaintiff has since filed a notice of appeal with

respect to the Order. ECF No. [22] ("Notice of Appeal"). As this case is on appeal, the Court may

not rule upon the Motion to the extent Plaintiff seeks leave to proceed *in forma pauperis* before

this Court. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d

711, 713 (11th Cir. 1990) (upon filing of a notice of appeal, "[t]he district court retains only the

authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a

judgment that has not been superseded.").

    To the extent Plaintiff seeks leave to proceed *in forma pauperis* on appeal, the Motion is

due to be denied for two reasons: (1) the Motion does not satisfy the requirements of Rule 24(a)(1)

of the Federal Rules of Appellate Procedure; and (2) Plaintiff's appeal is not taken in good faith.

First, Rule 24 of the Federal Rules of Appellate Procedure provides that a party filing a motion in the district court seeking to appeal *in forma pauperis* must attach an affidavit to the motion that, among other things, "claims and entitlement to redress" and "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(B)-(C). The Motion does not include a claim with entitlement to redress, nor does it state the issues Plaintiff intends to present on appeal. *See generally* ECF No. [27].

Second, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A]rguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). In other words, an appeal filed *in forma pauperis* is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citation omitted).

In the Order, the Court determined that "Plaintiff's claims are clearly baseless and must be dismissed." ECF No. [21] at 7. Specifically, the Court held that: (1) "the Complaint is the antithesis of a short and plain statement of the facts, in which Plaintiff engages in an incoherent narrative about his alleged encounters with Defendant and the FBI," along with "various legal concepts and

aspects of bizarre 'Weird Science'" and "previous lawsuits to which he was involved[;]" (2) "the Complaint 'commits the sin' of commingling multiple claims for relief, implicating different theories of liability into a single count[;]" (3) "it is entirely unclear whether Plaintiff is asserting claims against Saint Thomas University School of Law, the FBI, or both[;]" and (4) "to the extent Plaintiff's claims are premised upon events that occurred between 2001 and 2002, those claims would be bared by the applicable statute of limitations." *Id.* at 5-6. In addition, the Court highlighted that Plaintiff "is no stranger to federal court" and has been classified as a vexatious litigant in several jurisdictions. *Id.* at 6-7. As such, the Court certifies that this appeal is not taken in good faith.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [27]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Ronald Satish Emrit
6655 38th Lane East
Sarasota, FL 34243

3